(Supreme Court, Special Term, Orange County. June 29, 1910.)

ASSIGNMENTS (§ 85*)—CONSTRUCTION—PRIORITIES.

> An assignment executed in September, 1909, of wages to a definite amount each month with authority to deduct the balance due the assignee if the employment terminated, took precedence over a blank assignment of wages signed by the assignor and delivered in July, 1908, of which the assignee did not elect to take advantage by notice to the employer, till October 20, 1909, after the death of the assignor, the assignment not being complete till such election.

> [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 149–151; Dec. Dig. § 85.*]

Action by the Erie Railroad Company against William H. Smith, as administrator of Robert W. Smith and others. Judgment for defendant George D. Davidson.

C. E. & S. M. Cuddeback, for defendant Davidson.

William A. Parshall, for defendant Bowly.

TOMPKINS, J. The assignment to the defendant Bowly was executed and delivered in July, 1908, but was in the form of a printed blank without any writing upon it, except the name of the assignor signed thereto. It appears that the assignor authorized Bowly to fill in the printed blank any month that he might choose, and to claim the assignor's wages for such month under such assignment. Bowly held this blank paper for more than a year, and until the death of the assignor Smith, which occurred in October, 1909, and in that month, and after the assignor's death, Bowly notified the plaintiff that he held an assignment of the wages due said Smith, for the month of October, 1909. The printed blank was not filled out until May, 1910, just before the trial of this action. So that the first time that the defendant Bowly made or asserted any claim under his assignment, or made an election as to the month for which he would claim the assignor's wages, was when he notified the plaintiff in October, 1909, that he claimed Smith's wages for the month of October.

It appears that in September, 1909, and before Bowly made his election, or exercised the authority given him by his assignor Smith, and before he gave notice thereof to the plaintiff, the said Smith signed and delivered to the defendant Davidson an order in writing, by which said Smith directed the plaintiff to pay to the said Davidson the sum of $33 in monthly installments of $8 each, which amount of $8 was to be deducted from said Smith's wages for the months of September, October, November, and December of the year 1909; and the written assignment contained, in addition thereto, the following provision:

> "If I leave your employ voluntarily or otherwise, or lay off indeterminately, I authorize you to deduct whatever amount is still unpaid from any balance due me, and pay to said inspector."

This written order after being delivered by Smith to Davidson in September, 1909, was delivered by Davidson to the plaintiff on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

14th day of September, 1909, and accepted by the plaintiff, and a part of Smith's wages for the month of September paid thereunder by the plaintiff to Davidson.

This is a brief statement of the facts as they are admitted by all parties. Upon these facts, I find that the written order executed and delivered by Smith to Davidson in September, 1909, and delivered to and accepted by the plaintiff, constituted an equitable assignment of Smith's wages to the extent of $8 for the month of October, and by the clause above quoted the balance due Smith at the time of his death in October, 1909, for his October work, and that the assignment to Bowly did not become effective until October, 1909, when he used the authority given him by Smith, and made his election to claim Smith's October wages by the notice that he sent to the plaintiff. I hold that the assignment to Bowly of Smith's October wages was not complete until Bowly exercised the authority that Smith had given him at the time of the delivery of the printed blank, by choosing to claim Smith's October wages, and by notifying the plaintiff of his election and claim, which was not until the 20th of October, 1909, while prior thereto, and in the month of September, 1909, Davidson had received from Smith a complete and effective assignment covering the October wages.

My conclusion, therefore, is that the defendant Davidson is entitled to judgment awarding him the moneys due by the plaintiff to Smith, for the month of October, 1909, paid into court in this action by the plaintiff. Upon the question of costs, I will hear counsel at a Special Term to be held in Goshen on July 12, 1910, at which time the findings may be submitted for settlement.